

86 Chambers Street
New York, New York 10007

November 25, 2019

By ECF

MEMO ENDORSED

The Application is granted.

SO ORDERED:

Paul G. Gardephe, U.S.D.J.

Dated: Dec. 17 2019

The Honorable Paul G. Gardephe
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, NY 10007

Re:     *Malloy v. Pompeo*, No. 18 Civ. 4756 (PGG)
        [Rel. Case: *Malloy v. U.S. Dep't of State*, No. 19 Civ. 6533 (PGG)]

Dear Judge Gardephe:

This Office represents defendant Secretary Michael R. Pompeo in the above-referenced case. Pursuant to Federal Rule of Civil Procedure 42(a) and Rule 13(c) of the Southern District of New York's Rules for the Division of Business Among District Judges, I write to respectfully request that the Court consolidate this action with a later-filed action already deemed related by the Court and involving events substantially similar to those at issue in this case, *Malloy v. U.S. Dep't of State*, No. 19 Civ. 6533 (PGG) (S.D.N.Y. July 11, 2019) ("*Malloy II*"). All parties in both cases have consented to this request.

Consolidation of the two actions is proper in this instance. "Rule 42(a) of the Federal Rules of Civil Procedure empowers a trial judge to consolidate actions . . . when there are common questions of law or fact to avoid unnecessary costs or delay." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). "The trial court has broad discretion to determine whether consolidation is appropriate." *Id.* "So long as any confusion or prejudice does not outweigh efficiency concerns, consolidation will generally be appropriate." *Linn v. Allied Irish Banks, PLC*, No. 02 Civ. 1738, 2004 WL 2813133, at *2 (S.D.N.Y. Dec. 8, 2004). Accordingly, courts have found that consolidation is proper where both actions arise from the same alleged misconduct, the plaintiffs assert similar claims, and substantial overlap exists as to the named defendants. *See Goodwin v. Anadarko Petroleum Corp.*, No. 10 Civ. 4905, 2010 WL 11469543, at *5 (S.D.N.Y. Nov. 16, 2010).

Such is the case here. In both this action and *Malloy II*, Ms. Malloy brings various claims alleging that she was subject to employment discrimination and retaliation while employed at the United States Mission to the United Nations. *See* Dkt. No. 1 ("Compl."); Complaint, *Malloy II*, ECF No. 2. Moreover, Secretary Pompeo is a named defendant in both actions. *Compare*

Compl. *with Malloy II* Compl. Consolidation of the two cases would serve the interests of justice and judicial economy by (among other things) avoiding the potential for inconsistent rulings on liability and other issues, and, if necessary, permitting the parties to take discovery on a unified timetable.

Consolidation is also appropriate because "the two actions are at the same early stage of litigation." *Gorbaty v. Wells Fargo Bank, N.A.*, No. 10 Civ. 3291 (NGG), 2010 WL 3034145, at *1 (E.D.N.Y. July 27, 2010); *see also Liegey v. Ellen Figg, Inc.*, No. 02 Civ. 1492, 2003 WL 21688242, at *2 (S.D.N.Y. July 18, 2003) (Chin, J.) (consolidation appropriate where "[t]he two cases can be put on the same track with little difficulty"). In this instance, both cases are still at the pleadings stage, such that once the *Malloy II* defendants have responded to Ms. Malloy's complaint in that action, further litigation may proceed on a single schedule. And since all parties consent, consolidation is unlikely to be difficult or prejudicial to any party.

For the foregoing reasons, the Government respectfully requests that the Court consolidate this action with *Malloy II*. I thank the Court for its attention to this request.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By:   */s/ Casey K. Lee*
CASEY K. LEE
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, NY 10007
Tel.: (212) 637-2714
Fax: (212) 637-2686
casey.lee@usdoj.gov

cc:   Plaintiff Jane Malloy (by ECF)