UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE C. MALLOY,

                Plaintiff,

     v.                                            18 Civ. 4756 (PGG) (KNF)

ANTONY J. BLINKEN[1], Secretary of State,

                Defendant.

---

JANE C. MALLOY,

                Plaintiff,

     v.                                            19 Civ. 6533 (PGG) (KNF)

UNITED STATES DEPARTMENT OF STATE,
and ANTONY J. BLINKEN, Secretary of State,

                Defendants.

## PRIVACY ACT ORDER AND PROTECTIVE ORDER

WHEREAS, Plaintiff Jane C. Malloy brought the above-captioned consolidated actions against the Department of State and the Secretary of State, in his official capacity;

WHEREAS, Plaintiff seeks to depose former employees of the Department of State;

WHEREAS, certain information or records concerning those employees may be protected by the Privacy Act of 1974, 5 U.S.C. § 552a (the "Privacy Act");

---

[1] Antony J. Blinken became the Secretary of State on January 26, 2021, and was automatically substituted as a defendant in the above-captioned actions, pursuant to Federal Rule of Civil Procedure 25(d).

AND WHEREAS, pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, the Court enters this Privacy Act Order and Protective Order, upon the joint request of the parties, for the purposes of facilitating the disclosure of information that otherwise would be prohibited from disclosure under the Privacy Act, and assuring the confidentiality of information that may be disclosed by the parties or by any non-party agencies, departments, or offices of the United States in the course of discovery proceedings,

The Court, having found that good cause exists for entry of this Privacy Act Order and Protective Order (the "Order"), HEREBY ORDERS:

1.      Pursuant to 5 U.S.C. § 552a(b)(11), this Order authorizes the Government to produce information that otherwise would be prohibited from disclosure under the Privacy Act without presenting Privacy Act objections to this Court for a decision regarding disclosure.  To the extent the Privacy Act allows the disclosure of information pursuant to a court order, this Order constitutes such a court order and authorizes the disclosure of that information.  Nothing in this paragraph, however, shall require production of information that is prohibited from disclosure (even with the entry of this Order) by other applicable privileges, statutes, regulations, or authorities.  The terms of this Order shall govern the safeguarding of such information by all individuals referenced herein.

2.      As used in this Order, the term "Protected Information" constitutes any and all documents or records, and information contained therein, that contain any confidential, proprietary, personal, or other information protected from disclosure by the Privacy Act.

3.      Information that Plaintiff or the Government deem Protected Information shall be designated as such by stamping the phrase "Subject to Protective Order" on any document or record containing Protected Information prior to the production of such document or record.

2

4.      Any party who contests the designation of a document or record as Protected

Information shall provide the producing party written notice of its challenge.  If the parties

cannot resolve this dispute, they shall follow the Federal Rules of Civil Procedure, the Local

Civil Rules for the United States District Courts for the Southern and Eastern Districts of New

York, the individual practices of the Court, and/or any court orders for addressing discovery

disputes.  Failure to challenge a designation immediately does not waive a party's ability to bring

a later challenge.

5.      Except as provided in this Order, all Protected Information produced or

exchanged pursuant to this Order shall be used solely for the purposes of the above-captioned

actions and for no other purpose whatsoever, and shall not be published to the general public in

any form, or otherwise disclosed, disseminated, or transmitted to any person, entity, or

organization, except in accordance with the terms of this Order.

6.      Any document or record designated as Protected Information may be disclosed

only to the following Qualified Persons:

i.      The Department of State, attorneys for the Department of State, and any

support staff or other employees of the Government or attorneys of record who are assisting in

the defense of these actions;

ii.      Plaintiff, attorneys for Plaintiff, and any support staff or other employees

of Plaintiff's attorneys of record of Plaintiff who are assisting in the maintenance of these

actions;

iii.      Experts or consultants retained for this action by a party, and any support

staff or other employees for such experts or consultants who are assisting in the expert's work for

these actions;

iv.      Court reporters or stenographers engaged to record deposition testimony, and their employees who are assisting in the preparation of transcripts of such deposition testimony;

v.      Witnesses called to give testimony in these actions;

vi.      Court employees and Court staff; and

vii.      Such other persons as hereafter may be authorized by the Court upon motion of any party.

7.      A copy of this Order shall be delivered to each Qualified Person under sections 6(iii), 6(iv), and 6(v), to whom a disclosure of Protected Information is made, at or before the time of disclosure, by the party making the disclosure or by its counsel.  Each such person shall execute an acknowledgment in the form of Exhibit 1 attached hereto before disclosure is made, and the provisions of this Order shall be binding upon that person.

8.      All Qualified Persons, including the parties and their respective counsel, to whom Protected Information is disclosed, are hereby prohibited from disclosing information designated as Protected Information to any unauthorized person, except as provided in this Order.

9.      Any deposition questions intended to elicit testimony regarding Protected Information shall be conducted only in the presence of persons authorized to review the Protected Information.  Any portions of deposition transcripts containing such questions and testimony shall be subject to the same protections and precautions as the Protected Information where appropriate.

10.      If any party seeks to publicly file with the Court any Protected Information designated as such by the producing party, or portions of pleadings, motions, or other papers that disclose such Protected Information, that party shall provide the producing person no less than

ten days' advance written notice of its intent to file such material.  The producing party may then

make an application to the Court requesting that the material be filed and kept under seal.  If

such an application is made, the papers in question shall not be filed until the Court renders a

decision on that application.  The parties will use their best efforts to minimize the need to file

documents under seal.

11.     Nothing in this Order shall preclude any disclosure of Protected Information to

any judge or employee of the Court for purposes of this action.

12.     Nothing contained in this Order shall be construed to prejudice any party's right

to use in open court any Protected Information designated as such by the producing party,

provided that reasonable notice of the potential disclosure of the Protected Information shall be

given to the producing party so that the producing party may move to seal the document, or

otherwise seek to prevent the disclosure or dissemination of the Protected Information, in

advance of its use in open court.

13.     If counsel for any party is required by law or court order to disclose, disseminate,

or transmit Protected Information produced under this Order to any person or entity not

identified herein as a Qualified Person, the name of that person or entity and the reason access is

required shall be provided to the producing party no less than 14 days prior to disclosure,

dissemination, or transmittal so as to provide the producing party sufficient time to object and

seek a protective order as necessary.  There shall be no disclosure after an objection has been

made until the objection has been resolved unless disclosure, dissemination, or transmission is

required sooner by law or court order.

14.     Within thirty days after the final disposition of this action, including any and all

appeals, all Protected Information and copies thereof in the possession of any Qualified Persons,

other than counsel for the parties, shall be returned to the producing parties or destroyed.  If the

Protected Information is destroyed, the party that has destroyed the Protected Information shall

certify in writing to the producing party that the Protected Information in its possession has been

destroyed.

15.     If Plaintiff or the Government inadvertently fails to designate material as

Protected Information at the time of production, this shall not in itself be deemed a waiver of any

claim of confidentiality as to that Protected Information.  The producing party may correct its

failure to designate an item as Protected Information by taking reasonable steps to notify all

receiving persons of its failure, and by promptly supplying all receiving persons with new copies

of any documents bearing corrected designations.  Within five business days of receiving copies

of any documents bearing corrected designations pursuant to this paragraph, the receiving

persons shall return or destroy the improperly designated materials, and certify in writing to the

producing party that such materials have been returned or destroyed.

16.     Nothing in this Order shall be construed as a waiver of any defense, right,

objection, or claim by any party, including any objection to the production of documents and any

claim of privilege or other protection from disclosure.

17.     Nothing in this Order shall affect the right of any party to seek additional

protection against the disclosure of any documents or materials, or of the parties to seek

additional disclosures.

18.     Nothing in this Order shall prevent the disclosure of Protected Information to

governmental authorities for purposes of enforcement of criminal laws or in furtherance of civil

enforcement or regulatory proceedings.

19.     Nothing in this Order shall prevent any disclosure of Protected Information by the

party or entity that designated the information as such.

SO STIPULATED AND AGREED TO BY:

Dated: New York, New York                          Dated: New York, New York
      April 2, 2021                                        April 2, 2021

    SELENDY & GAY PLLC                            AUDREY STRAUSS
                                              United States Attorney for the
By: _____/s/_____                     Southern District of New York
    DAVID COON, Associate
    1290 Avenue of the Americas            By: _____
    New York, New York 10104                  JENNIFER C. SIMON
    Tel.: (212) 390-9000                       Assistant United States Attorney
                                              86 Chambers Street, 3rd Floor
    *Counsel for Plaintiff*                    New York, New York 10007
                                              Tel.: (212) 637-2689

                                              *Counsel for Defendant*

SO ORDERED:

Dated: New York, New York
      April 2, 2021

_____
HON. KEVIN NATHANIEL FOX
United States Magistrate Judge

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE C. MALLOY,

                    Plaintiff,

          v.                                              18 Civ. 4756 (PGG) (KNF)

ANTONY J. BLINKEN, Secretary of State,

                    Defendant.


JANE C. MALLOY,

                    Plaintiff,

          v.                                              19 Civ. 6533 (PGG) (KNF)

UNITED STATES DEPARTMENT OF STATE,
and ANTONY J. BLINKEN, Secretary of State,

                    Defendants.


**ACKNOWLEDGEMENT**

          I have read and I understand the Privacy Act Order and Protective Order entered by the

Court in the above-captioned cases, and I agree to be bound by its terms.


Date:          _____


Name (printed):          _____


Signature:          _____