UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JANE MALLOY,                                              :

                             Plaintiff,                   :

          -against-                                     :        **MEMORANDUM AND ORDER**

MICHAEL R. POMPEO, Secretary of State,   :         19-CV-6533 (PGG) (KNF)
UNITED STATES DEPARTMENT OF                          18-CV-4756 (PGG) (KNG)
STATE,                                                                :

                       Defendants.               :
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      By a letter and exhibits filed under seal and dated June 17, 2021, the defendants requested a pre-motion conference on their anticipated motion for a protective order precluding their employee Harry Ting's ("Ting") deposition based on health-related reasons. The plaintiff responded by a letter filed under seal and dated June 21, 2021, asserting that she intends to oppose a motion for a protective order because Ting is the only witness to several events forming the basis for the plaintiff's termination and he is referenced in the complaint as a comparator and an individual who subjected the plaintiff to discriminatory harassment and made false allegations against her. On June 24, 2021, the Court conducted a conference with the parties in connection with their letters and advised that it was not inclined to consider granting a protective order without a physician's current medical assessment and an explanation particularizing how Ting's current medical status impacts his ability to participate in the deposition.

      Before the Court are: (a) the defendants' renewed letter with exhibits filed under seal and dated August 20, 2021, requesting a pre-motion conference concerning a protective order precluding Ting's deposition based on health-related reasons; and (b) the plaintiff's opposing

letter filed under seal and dated August 23, 2021, asserting the plaintiff's willingness to make reasonable accommodations by taking the deposition remotely and allowing for breaks at least every one to two hours.

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery; [or] (C) prescribing a discovery method other than the one selected by the party seeking discovery." Fed. R. Civ. P. 26(c)(1) (A)-(C).

> [I]t is well recognized that entirely prohibiting the taking of an oral deposition is very unusual. *In re McCorhill Publ'g, Inc.,* 91 B.R. 223, 225 (Bankr.S.D.N.Y.1988) (citing 8 Alan A. Right and Arthur R. Miller, *Federal Practice and Procedure* § 2037 (1986 Supp.)). Courts in this circuit have noted that, "[f]or purposes of a protective order, 'good cause' is established when a party is able to show that a 'clearly defined, specific and serious injury' will occur in the absence of such an order." *McDonnell,* 2012 U.S. Dist. LEXIS 434, at *3, 2012 WL 13933 (citing *In re Terrorist Attacks on Sept. 11, 2001,* 454 F.Supp.2d 220, 222 (S.D.N.Y.2006)). Furthermore, ' "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning,' are not sufficient to satisfy the burden." *Id.* (quoting *Cipollone v. Ligget Grp., Inc.,* 785 F.2d 1108, 1121 (3d Cir.1986)). Thus, for example, protective orders are generally not granted where the contentions of a treating physician are conclusory or speculative in nature.
>
> Qube Films Ltd. v. Padell, No. 13-CV-8405, 2015 WL 109628, at *2 (S.D.N.Y. Jan. 5, 2015).

Upon review of the parties' submissions, the Court finds that: (i) no reasons exist to conduct a pre-motion conference; (ii) the information in the defendants' August 20, 2021 letter and exhibits remains inadequate because no particularized assessment was provided demonstrating clearly a defined and specific serious injury that would prevent Ting from participating in his deposition by sitting, listening to questions and answering the questions; and

2

(iii) the Court finds that the accommodations proposed by the plaintiff, to conduct Ting's deposition remotely and to allow for breaks at least every one to two hours, are reasonable. Accordingly,

(1) the defendants' letter-motion to seal, Docket Entry No. 79, is granted;

(2) the defendants' letter-motion concerning a protective order, Docket Entry No. 80, is denied;

(3) the plaintiff's letter-motion to seal, Docket Entry No. 81, is granted; and

(4) the plaintiff's letter-motion to seal, Docket Entry No. 84 in 18-cv-4756, is denied as moot.

The Clerk of Court is directed to limit the viewing level for the defendants' August 20, 2021 letter-motion with attachments and the plaintiff's August 23, 2021 letter to "Selected Parties" so that only counsel to the defendants and the plaintiff's counsel, attorneys from the law firm Selendy & Gay PLLC, can access the document. On or before September 3, 2021, the parties shall file redacted versions of their respective letters with the Clerk of Court so that members of the public can access the redacted versions of the documents.

Dated: New York, New York  
      August 30, 2021

SO ORDERED:

_Kevin Nathaniel Fox_  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE